IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | 2:11-CR-209-1 |
| | § | |
| MANUAL JAVIER GUTIERREZ | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Manual Javier Gutierrez' motion to dismiss the indictment for lack of jurisdiction. D.E. 77. The Court notified Gutierrez that it intended to recharacterize the motion as one pursuant to 28 U.S.C. § 2255 and ordered Gutierrez to file a proper § 2255 motion within 30 days. D.E. 78. Gutierrez responded and is opposed to recharacterization. D.E. 79.[1]

### I. JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 2255.

### II. FACTUAL AND PROCEDURAL BACKGROUND

Gutierrez was stopped at the Border Patrol Checkpoint on Highway 281 in Brooks County, Texas for an immigration check. While at the checkpoint, a drug dog alerted to his tractor trailer, and he was asked for and gave consent to search. He was arrested after agents found marijuana among his load of watermelons. Gutierrez was convicted after a jury trial for possession with intent to distribute 252.5 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). He and was sentenced to 63 months imprisonment on July 23, 2012, to be followed by 4 years

---

[1] Gutierrez' filing is not responsive to this Court's Order (D.E. 78). Instead, the filing refers to admiralty and foreign jurisdiction and claims that this Court has a "mandatory fiduciary obligation" to defendant Gutierrez. The filing further accuses this Court of attempting to cover up criminal acts allegedly committed by this Court and that the Judge of this Court is a foreign agent. Because the pleading is nonsensical, this Court has chosen not to sanction Gutierrez, but instead to construe the pleading as opposing recharacterization.

supervised release. D.E. 65. Gutierrez filed an appeal with the Fifth Circuit Court of Appeals that was later dismissed for want of prosecution in September 2012. D.E. 73.

Gutierrez filed his present motion in January 2014, claiming that this Court did not have jurisdiction over the criminal case against him. The Court issued an order recharacterizing the motion and Gutierrez has responded.

## IV. MOVANT'S CLAIMS

Gutierrez styled his motion as a motion to dismiss the indictment for lack of exclusive legislative and subject matter jurisdiction. He claims that because he was arrested at a state weigh station, the federal government infringed on Texas sovereignty. He further seems to claim that the federal government only has jurisdiction over claims that occur in federal enclaves and that the federal government must prove that the state ceded exclusive jurisdiction to the federal government.

## V. ANALYSIS

### A. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).

2

### B. Claim the District Court Lacked Jurisdiction

Federal courts are courts of limited jurisdiction. Gutierrez must have statutory authority for the filing of his motion. He cited Rule 12(b)(1) of the Federal Rules of Civil Procedure, but those rules are not applicable in a criminal matter. The scope of the Rules of Civil Procedure is limited to civil actions. FED. R. CIV. P. 1. United States v. Walter, 426 Fed. App'x. 239, 240 (5th Cir. Mar. 15, 2011) (per curiam) (designated unpublished); United States v. Jaimes-Jurado, 254 Fed. App'x. 341, 342 (5th Cir. Nov. 13, 2007) (per curiam) (designated unpublished) (The "Federal Rules of Civil Procedure do not apply to criminal cases.").

Section 2255 provides the statutory basis for this Court to consider Gutierrez' attack on the jurisdiction of this Court during his original criminal proceedings. Despite Gutierrez' objection, this Court must consider his motion to be one pursuant to § 2255, or the Court must dismiss the motion for lack of jurisdiction. See United States v. Bledsoe, 2013 WL 62122608, at *1 (5th Cir. Nov. 29, 2013) (per curiam) (designated unpublished).

Although "a challenge to the court's subject matter jurisdiction over a case may be raised at any time because it goes to the court's very power to hear the case," post-conviction claims of lack of jurisdiction are "subject to the statutory limitations on § 2255 review," including the one year statute of limitations. United States v. Scruggs, 691 F.3d 660, 666-67 (5th Cir. 2012).

The one-year statute of limitations for § 2255 motions begins to run in most cases when the judgment becomes final.[2] 28 U.S.C. § 2255(f). The Fifth Circuit and the Supreme Court have held

---

[2] The statute provides that the limitations period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;

3

that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. Clay v. United States, 537 U.S. 522 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000) (per curiam). Even though Gutierrez' appeal was dismissed, his conviction did not become final until 90 days after the motion was dismissed on September 21, 2012. United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000); United States v. Franks, 397 Fed. App'x. 95, 99 (5th Cir., Oct. 6, 2010) (per curiam) (designated unpublished). Gutierrez' challenge to the jurisdiction and his § 2255 filing were due on or before December 20, 2013. Gutierrez' motion to dismiss the indictment was mailed January 9, 2014. See D.E. 77 at 5 (certificate of service). Gutierrez states no facts that would entitled him to equitable tolling. His motion is untimely.

Even if Gutierrez' motion were timely, it would still fail. The district courts of the United States have jurisdiction over persons charged with violation of federal law, even if the same conduct also violates state law. See 18 U.S.C. § 3231;[3] see also United States v. Perea, 413 F.2d 65, 67 (10th Cir. 1969) (18 U.S.C. § 3231 lodges original jurisdiction of all offenses against the United States in the district courts. . . .The indictment charged offenses against the United States in language similar

---

(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[3] The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States. Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof.

Id.

to that of the statutes. Subject matter jurisdiction was vested in the district court upon the filing of the indictment."); United States v. Brown, 164 F.3d 518, 521 (10th Cir. 1998) ("Subject matter jurisdiction initially vested in the district court upon the filing of the superseding indictment in this case."); United States v. Masat, 948 F.2d 923, 934 (5th Cir. 1992); United States v. Richardson, 2010 WL 4873669, at *1 (S.D. Tex. Nov. 23, 2010) (designated unpublished) ("The Court has federal subject matter jurisdiction over this case pursuant to 18 U.S.C. § 3231, giving federal district courts subject matter jurisdiction over 'all offenses against the laws of the United States,' as Defendant is charged with possession with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(D).").

Although Gutierrez also challenges "legislative jurisdiction," which the Court interprets to mean the power of Congress to make criminal law, he cites as authority 40 U.S.C. § 255.[4] That provision is now found at 40 U.S.C. § 3111 and relates to the approval of title by the Attorney General before the United States acquires land. That provision does not limit Congress' authority to pass criminal laws.

Gutierrez further relies on Article I, Section 8, clause 17 of the Constitution of the United States as support for his challenge to the jurisdiction of the district court. That clause states:

> To exercise exclusive Legislation in all Cases whatsoever, over such District (not exceeding ten Miles square) as may, by Cession of particular States, and the Acceptance of Congress, become the Seat of the Government of the United States, and to exercise like Authority over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings . . . .

Id.

---

[4] Section 255 was enacted in 1930 and amended in 1970. Pub. L. 91-393, § 1, 84 Stat. 835.

Clause 17 refers to the District of Columbia and does not limit the power of Congress to make criminal laws. Clause 18 of that same section, the Necessary and Proper Clause, grants to Congress the authority to make all laws which shall be necessary and proper for carrying into execution all of the powers vested by the Constitution in the government of the United States. Additionally, clause 9 of Article I, § 8, authorizes Congress to establish the lower federal courts and to regulate the conduct of those courts. Willy v. Coastal Corp., 503 U.S. 131, 136 (1992). Congress was given the authority to enact the laws of the United States and to create the federal lower court system to adjudicate claims that those laws were infringed. Gutierrez' challenge to this Court's jurisdiction over him is unfounded, even if it were not barred by limitations.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Gutierrez has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A Certificate of Appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of

the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

The Court finds that Gutierrez cannot establish at least one of the Slack criteria. Accordingly, he is not entitled to a COA as to his claims.

## VI. CONCLUSION

For the reasons set forth herein, Gutierrez' claim that this Court did not have jurisdiction over his criminal conduct is **DISMISSED**, his construed motion to vacate, set aside, or correct sentence pursuant to § 2255, is **DENIED** as untimely,, and he is also **DENIED** a Certificate of Appealability.

**It is so ORDERED.**

Signed this 24th day of March, 2014.

JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE

7